413 So.2d 183 (1982)
Douglas BROWN
v.
AVONDALE SHIPYARDS, INC.
No. 5-281.
Court of Appeal of Louisiana, Fourth Circuit.
March 18, 1982.
Stewart E. Niles, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Avondale Shipyards, Inc. defendant-appellant.
Donald S. Klein, Klein & Klein, New Orleans, for Douglas Brown plaintiff-appellee.
*184 Before BOUTALL, CHEHARDY and KLIEBERT, JJ.

ON WRIT OF CERTIORARI
BOUTALL, Judge.
We issued a writ of certiorari to the trial court in order that we may make a determination of the correctness of a ruling permitting only limited cross-examination of an expert witness on his qualifications.
Douglas Brown filed a suit for workman's compensation benefits against Avondale Shipyards, Inc., for disability resulting from his contraction of an industrial disease of silicosis during the scope and course of his employment. At the beginning of the trial, plaintiff produced as its first witness Dr. Morton Brown, M.D., who, without any examination whatever, was immediately tendered by plaintiff's counsel to the court as an expert witness in the field of pulmonary medicine on the basis that he had already been accepted in previous litigations as an expert in that field. Defense counsel announced that he would not agree to accept Dr. Brown as an expert, but the court ruled that he had accepted Dr. Brown as an expert in a previous case and that he would accept Dr. Brown in this case. Defense counsel restated his objection to accepting the doctor as an expert without being able to traverse the qualifications of the doctor. After considerable discussion between counsel and the court, the court eventually ruled that he would accept Dr. Brown as an expert in the field of internal medicine and pulmonary diseases and that he would permit defense counsel to examine Dr. Brown on his qualifications "relative to anything that was not brought up at the last time, any new matters." The reference to the last time was to a particular case, Charles Zenon v. Johns-Manville Corporation, heard by the judge a month earlier in which this defendant's co-counsel represented another defendant in that case. The trial judge is in error in his ruling.
Expert witnesses, unlike ordinary witnesses, are permitted to express opinions based upon relevant facts. Their expertise and experience may be of appreciable value in assisting the trial court to arrive at reasonable inferences and conclusions that may be reached upon the proven facts. Obviously this value will vary from instance to instance dependent upon a number of factors that may influence the correctness of the opinions or inferences stated. Our system of adversary trials requires that the opposing party be granted the opportunity to cross-examine a tendered expert witness on the extent of his qualifications and experience, his partiality or interest in the case, and other relevant matters that may effect the value that can be placed upon his opinions.
Additionally we point out that our constitution, Article V Section 10(B) provides that the scope of appellate review extends to both law and facts. The case of Arceneaux v. Dominque, 365 So.2d 1330 (La.1978) requires us to examine the entire record in our appellate review. This we are not able to do where the trial judge acts upon knowledge that he obtained in a different case, the facts of which are not available in the present case. The conclusions of the trial judge must be based on the evidence produced at trial. See for comparison Phillips v. Ursin, 280 So.2d 243 (La.App. 4th Cir. 1973) at p. 248.
We refer the parties to the case of Jackson v. Ed's Cab Company, et al, 333 So.2d 701 (La.App. 4th Cir. 1976), in which we answered most of the questions posed by the trial court and the attorneys. We quote at page 702:
"(1) Expert witnesses, upon qualification and designation as such, are then and there, granted an important and far reaching franchise not enjoyed by their lay counterparts: they are privileged and encouraged to express opinions based upon their expertise.
(2, 3) To be thus empowered, expert witnesses may first be obliged to respond to interrogation questioning their expertise. This may properly include a well grounded attempt to demonstrate the existence of bias or partiality. It properly follows that if, over a period of time and by reason of a course of conduct, an individual *185 who seeks qualification as an expert has become sufficiently conspicuous or controversial as to have been, himself, the subject matter of prior judicial pronouncements, then those pronouncements may, under appropriate circumstances, form a basis for cross-examination of that witness regarding his qualifications."
We recognize of course that the cross-examiner may not harrass a witness and that his examination must stay within the bounds of relevancy. It is the function of the trial judge to control the examination as part of the orderly procedure of the court and within the bounds of relevancy and reasonableness.
We set aside and annul the order of the trial court permitting cross-examination limited only to new matters not brought out in other cases. Defense counsel is permitted full cross-examination within the bounds of relevancy and reasonableness in accordance with the views expressed herein.
The costs of these proceedings shall be assessed by the trial court in its final determination of the case.
ORDER SET ASIDE AND ANNULLED.