REDMANN, Chief Judge.
Defendant appeals from an award of workers’ compensation benefits for permanent and total disability from silicosis. We remand to allow defendant to cross-examine plaintiff’s expert Dr. Morton Brown on his expertise and to allow plaintiff too to present further evidence.
Dr. Brown is the only physician who testified plaintiff was disabled from silicosis. Dr. Brown had never examined plaintiff, but saw his chest x-rays and knew his employment history to include sandblasting (although with a forced-air sandblast hood, and mostly with coal ash rather thán silica). Dr. Brown testified that x-rays demonstrated nodular and interstitial changes that, in view of plaintiff’s sandblasting history, were most obviously explained by silicosis. He further testified that plaintiff’s severe heart and collagen diseases were caused by the silicosis.
The problem is that Dr. Brown’s testimony is seriously divergent from that of the other two experts, both also presented by plaintiff. They were probably presented for two points: first, that silicosis can be diagnosed from x-rays and a work history of sandblasting; and second, that these doctors view the x-rays as consistent with (perhaps in the sense of not affirmatively excluding) silicosis.
Plaintiff’s first pulmonary diseases expert, Dr. Kenneth Smith, asked whether x-rays were “consistent with silicosis,” replied “The accentuation of the interstitial pattern with ... almost a reticulonodular pattern is consistent with silicosis.” But his next answer, to “what was your final diagnosis,” was “it is my impression that at this time there is no evidence for silicosis in Mr. Thomas. There are no nodular changes in the lung, and he has no other evidence that could not be explained by the presence of his collagen vascular disease .... I believe his symptoms are probably due to a mixed collagen vascular disease with a prominent progressive systemic sclerosis component. ... I think that it’s possible, underlying all of this, that he might have silicosis. It’s impossible for me to say with any probability or any certainty that he does or does not.” Dr. Smith does testify as to two x-rays, plaintiff emphasizes, with “some very tiny nodular changes”; but he repeats “I can’t see with a probability that he has silicosis. I think there’s a possibility that he has silicosis.”
Plaintiff’s second expert, Dr. Hans Weill, professor of medicine and chief of the pulmonary disease section and director of a *10 large research center in occupational diseases at Tulane University, was accepted as an expert in “pulmonary diseases and occupational lung diseases.” The substance of his testimony (especially as supplemented by post-trial deposition) is that the x-rays are explainable by plaintiff’s heart failure and collagen disease, and do not indicate silicosis, having “at best only marginal evidence” of “characteristic nodulation”; some concomitant silicosis cannot be positively excluded because of the history of sandblasting with silica (“without that occupational history ..., there isn’t anything about this x-ray that would suggest silicosis ... ”); “If he has silicosis it would be at the very lowest order of simple nodular silicosis where there is some doubt even at that level.” Tulane studies indicate that only acute forms of silicosis are associated with an increased incidence of collagen diseases; because plaintiff’s “x-rays show an enlarged heart without advanced silicosis ... that excludes silicosis as a cause of the heart enlargement .... ”
In sum, we read the testimony of the other two doctors as supporting the conclusions (1) the x-rays show no nodules or “very tiny” nodules, but do show a much enlarged heart (and at one time “lungs flooded with water” from heart failure) and collagen disease, and thus (2) the x-rays, even considering the work history, do not establish silicosis although they would not exclude some minimal silicosis; (3) only advanced silicosis can cause heart and collagen disease; (4) lung function tests are consistent rather with heart and collagen disease in that plaintiff (in Dr. Weill’s words) “has no airways obstruction at all and as silicosis worsens that’s an invariable physiologic impairment. He has primarily ... reduction of lung volume ... and a marked disturbance of alveolar gas transfer which is almost certainly due to his lung congestion and heart disease.”
With that testimony in mind from two other experts presented by plaintiff, we find it most disturbing that Dr. Brown sees x-ray evidence, that Drs. Smith and Weill do not, not merely of silicosis, but of silicosis sufficient to cause plaintiff’s obvious heart and collagen disease, and to justify Dr. Brown’s conclusion, without ever examining plaintiff, that plaintiff is totally and permanently disabled by silicosis. It appears to us that either Dr. Brown or else Drs. Smith and Weill are so mistaken as to question the expertise or impartiality of one side or the other. Under the circumstances we conclude that the foreclosing of. cross-examination related to expertise and bias was error and we therefore remand to allow that cross-examination and redirect and any other evidence the trial judge in his discretion deems appropriate. See Brown v. Avondale Shipyards, Inc., 413 So.2d 183 (La.App. 4 Cir. 1982).
Remanded.